```
 1  JEFFREY I. WEINBERGER (#056214)
    TED G. DANE (#143195)
 2  MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
 3  35th Floor
    Los Angeles, CA 90071
 4  Telephone:  (213) 683-9288
    Facsimile:  (213) 687-3702
 5
    Attorneys for Plaintiff
 6  THERASENSE, INC.
 7
 8
                    UNITED STATES DISTRICT COURT
 9
                   NORTHERN DISTRICT OF CALIFORNIA
10
11
12
13  THERASENSE, INC.,                CASE NO. C 04 2123
14              Plaintiff,
15      vs.                          COMPLAINT AND JURY
                                     DEMAND
16  BECTON, DICKINSON AND COMPANY,
17              Defendant.
```
FILED MAY 28 2004 — RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

E-filing

WDB

1010297.1                                              COMPLAINT AND JURY DEMAND

Plaintiff Therasense Inc. ("Therasense"), for its Complaint against defendant Becton, Dickinson and Company ("BD"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

### THE PARTIES

1. TheraSense, Inc. ("TheraSense") is a Delaware corporation with its principal place of business in Alameda, California.  TheraSense is a worldwide leader in the development, manufacture and marketing of blood, glucose self-monitoring systems, systems that feature very small sample size, rapid test results, and less-painful testing systems for people with diabetes.

2. TheraSense is informed and believes, and on that basis alleges, that Defendant BD is a New Jersey corporation with its principal place of business in New Jersey.  TheraSense is informed and believes that Defendant has business operations and regularly conducts business in this District.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 1338, in that this is a civil action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, and the parties are citizens of different states.  This Court has personal jurisdiction over Defendant because Defendant regularly does business in this district, and/or Defendant has committed acts of patent infringement in this district.

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c) and 1400(b) because Defendant is subject to personal jurisdiction in this district, Defendant resides and/or may be found in this district, and/or Defendant has committed acts of patent infringement and regularly does business in this district.

### FIRST CAUSE OF ACTION

Patent Infringement – United States Patent No. 6,143,164

5. TheraSense hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 4 of this Complaint as though fully set forth herein.

6. TheraSense is the sole and exclusive owner of United States Patent No. 6,143,164 (the "'164 patent"), entitled "Small Volume In Vitro Analyte Sensor." The '164 patent was duly and legally issued by the United States Patent and Trademark Office on November 7, 2000. A copy of the '164 patent is attached hereto as Exhibit A.

7. In violation of 35 U.S.C. § 271(a), Defendant has made, used, offered for sale and/or sold in the United States products that infringe one or more claims of the '164 patent.

8. Defendant also has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '164 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

9. Defendant has known of, and has had possession of, the '164 patent at least since April 8, 2003.

10. The infringement of the '164 patent by Defendant has been willful and wanton.

11. Plaintiff has suffered damages in excess of $75,000 resulting from Defendant's infringement, in an amount to be determined according to proof.

12. Therasense has suffered and will continue to suffer serious irreparable injury unless Defendant's infringement of the '164 patent is enjoined.

### SECOND CAUSE OF ACTION

Patent Infringement – United States Patent No. 6,592,745

13. TheraSense hereby refers to and incorporates each and every allegation set forth in paragraphs 1 through 4 of this Complaint as though fully set forth herein.

14. TheraSense is the sole and exclusive owner of United States Patent No. 6,592,745 (the "'745 patent"), entitled "Method of Using A Small Volume In Vitro Analyte Sensor With Diffusible Or Non-Leachable Redox Mediator." The '745 patent was duly and legally issued by the United States Patent and Trademark Office on July 15, 2003. A copy of the '745 patent is attached hereto as Exhibit B.

15. In violation of 35 U.S.C. § 271(a), Defendant has made, used, offered for sale and/or sold in the United States products that infringe one or more claims of the '745 patent.

16. Defendant also has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '745 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

17. Defendant has known of, and has had possession of, the '745 patent since at least July 15, 2003.

18. The infringement of the '745 patent by Defendant has been willful and wanton.

19. Plaintiff has suffered damages in excess of $75,000 resulting from Defendant's infringement, in an amount to be determined according to proof.

20. TheraSense has suffered and will continue to suffer serious irreparable injury unless Defendant's infringement of the '745 patent is enjoined.

Wherefore, TheraSense respectfully requests that this Court enter judgment in its favor and against Defendant and grant the following relief:

A. A judgment that Defendant has infringed the '164 and '745 patents in violation of 35 U.S.C. §§ 271(a), (b) and (c);

B. A judgment that Defendant's infringement of the '164 and '745 patents has been willful and wanton;

C. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendant, and all persons in active concert or participation with it, from any further acts of infringement, inducement of infringement, or contributory infringement of the '164 and '745 patents;

D. An order, pursuant to 35 U.S.C. § 284, awarding Therasense damages adequate to compensate Therasense for Defendant's infringement of the '164 and '745 patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E. An order, pursuant to 35 U.S.C. § 284, and based on Defendant's willful

1  and wanton infringements of the '164 and '745 patents, trebling all damages awarded to
2  ThereaSense;
3         F.      An order, pursuant to 35 U.S.C. § 284, awarding to TheraSense interest on
4  the damages and its costs incurred in this action;
5         G.      An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional
6  case and awarding to TheraSense its reasonable attorneys' fees incurred in this action; and
7         H.      Such other and further relief as this Court may deem just and proper.
8  DATED: May 28, 2004                         MUNGER, TOLLES & OLSON LLP

By: _____
TED G. DANE

Attorneys for Plaintiff
THERASENSE, INC.

1010297.1                              - 4 -                   COMPLAINT AND JURY DEMAND

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the Constitution of the United States, plaintiff, TheraSense Inc., demands a trial by jury of all claims and issues triable as of right by jury in this action.

Dated: May 28, 2004

MUNGER, TOLLES & OLSON LLP

By_____
TED G. DANE

Attorneys for Plaintiff
THERASENSE, INC.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS PURSUANT TO NORTHERN DISTRICT LOCAL RULE 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed person, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Abbott Laboratories, 100% parent of Plaintiff TheraSense, Inc.

Dated: May 28, 2004

MUNGER, TOLLES & OLSON LLP

By_____
TED G. DANE

Attorneys for Plaintiff
THERASENSE, INC.

1010297.1

COMPLAINT AND JURY DEMAND