KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN - #111703
DANIEL E. JACKSON - #216091
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

WILMER CUTLER PICKERING HALE AND DORR LLP
WILLIAM F. LEE
WAYNE M. KENNARD
LISA J. PIROZZOLO
TIMOTHY SHANNON
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Defendant
BECTON, DICKINSON AND COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERASENSE, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>                    Defendant. | Case No. C 04 2123 MJJ<br><br>**ANSWER, COUNTERCLAIM, AND JURY DEMAND** |

Defendant Becton, Dickinson and Company ("BD") answers plaintiff TheraSense Inc.'s ("TheraSense") Complaint ("Complaint") as follows:

**THE PARTIES**

1. Upon information and belief, BD admits TheraSense is a Delaware corporation with a principal place of business in Alameda, California. BD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Admitted.

**JURISDICTION AND VENUE**

3.  The first sentence of Paragraph 3 contains conclusions of law for which no response is required. BD admits it conducts business in this district, but denies all remaining allegations in the second sentence of Paragraph 3.

4.  Paragraph 4 contains conclusions of law for which no response is required.

**FIRST CAUSE OF ACTION**
**(Patent Infringement - United States Patent No. 6,143,164)**

5.  BD incorporates Paragraphs 1-4 of its Answer as if set forth fully herein.

6.  BD admits that United States Patent No. 6,143,164 ("'164 patent") was issued on November 7, 2000. BD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7.  Denied.

8.  Denied.

9.  Admitted.

10. Denied.

11. Denied.

12. Denied.

**SECOND CAUSE OF ACTION**
**(Patent Infringement - United States Patent No. 6,592,745)**

13. BD incorporates Paragraphs 1-12 of its Answer as if set forth fully herein.

14. BD admits that United States Patent No. 6,592,745 ("'745 patent") was issued on July 15, 2003. BD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Denied.

16. Denied.

17. BD admits that it has known of the existence of the '745 patent since July 15, 2003, but denies all remaining allegations in Paragraph 17.

18. Denied.

19. Denied.

20. Denied.

## FIRST AFFIRMATIVE DEFENSE

BD has not infringed, directly, indirectly, or otherwise, any valid claim of the '164 or '745 patents.

## SECOND AFFIRMATIVE DEFENSE

Each of the claims of the '164 and '745 patents is invalid for failure to comply with the conditions for patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

TheraSense is estopped from construing the claims of the '164 and '745 patents in such a way as to cover any of BD's products or activities by reason of statements made to the United States Patent and Trademark Office ("PTO").

## FOURTH AFFIRMATIVE DEFENSE

TheraSense has failed to state a claim upon which relief may be granted.

## COUNTERCLAIM

BD brings this Counterclaim to obtain a declaratory judgment that (i) BD's manufacture, use, offer for sale, and sale of its BD Latitude™ Diabetes Management System ("Latitude") and BD Logic™ Blood Glucose Monitor ("Logic") do not infringe any valid claim of United States Patent Nos. 6,143,164 ("the '164 patent") and 6,592,745 ("the '745 patent"); and (ii) the '164 or '745 patents are invalid.

## THE PARTIES

1. BD is a New Jersey corporation with a principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey.

2. TheraSense is a Delaware corporation with a principal place of business at 1360 South Loop Road, Alameda, California.

## JURISDICTION

3. This Court has jurisdiction over BD's claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

## FACTUAL ALLEGATIONS

### BD's Blood Glucose Monitoring Products

4. Diabetes is a prevalent health issue in the United States, with approximately 17 million Americans suffering from the disease. Accurate and consistent monitoring of blood glucose levels is essential to managing the disease, and can help prevent complications such as heart and kidney disease, blindness, stroke, and amputations. For those who must monitor blood glucose levels daily, or even several times a day, the process can be painful and time-consuming.

5. In January 2003, BD introduced two blood glucose monitoring products, the Logic product and the Latitude product. Both products feature very thin lancets (the mechanisms used to draw blood from the test site) and test strips that require only a small amount of blood. The products also deliver accurate readings quickly, in only five seconds.

6. Since introducing the Logic and Latitude products, BD has been actively offering for sale and selling those products to customers throughout the United States.

### The Controversy Between BD and TheraSense

7. On May 28, 2004 BD filed the Complaint in the above-captioned action, alleging *inter alia* that BD's Logic and Latitude products infringed one or more claims of the '164 and '745 patents, allegedly assigned to TheraSense.

8. Based on the foregoing, there is an actual, immediate and justifiable controversy between BD and TheraSense as to the infringement and validity of the '164 and '745 patents.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

9. BD repeats and incorporates paragraphs 1-8 of its Counterclaim as if set forth fully herein.

10. Each of the claims of the '164 patent is invalid for failure to comply with the conditions of patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

11. BD has not infringed, directly, indirectly, or otherwise any valid claim of any of the '164 patent.

12. To resolve the legal and factual questions raised by TheraSense and to afford relief from the uncertainty and controversy which TheraSense's accusations have precipitated, BD is entitled to a declaratory judgment that it does not infringe the '164 patent and that the '164 patent is invalid.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

13. BD repeats and incorporates paragraphs 1-13 of its Counterclaim as if set forth fully herein.

14. Each of the claims of the '745 patent is invalid for failure to comply with the conditions of patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

15. BD has not infringed, directly, indirectly, or otherwise any valid claim of any of the '745 patent.

16. To resolve the legal and factual questions raised by TheraSense and to afford relief from the uncertainty and controversy which TheraSense's accusations have precipitated, BD is entitled to a declaratory judgment that it does not infringe the '745 patent and that the '745 patent is invalid.

WHEREFORE, TheraSense respectfully requests that this Court:

A. Determine and declare that the claims of the '164 patent are invalid;

B. Determine and declare that the claims of the '164 patent are not infringed by BD;

C. Determine and declare that the claims of the '745 patent are invalid;

D. Determine and declare that the claims of the '745 patent are not infringed by BD;

E. Award BD costs of this action, including reasonable attorneys fees; and

F. Grant such other further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

BD demands trial by jury on all issues so triable.

Dated:  September 10, 2004                    KEKER & VAN NEST, LLP


                                              By:    /s/ Susan J. Harriman
                                                   SUSAN J. HARRIMAN
                                                   Attorneys for Defendant
                                                   BECTON, DICKINSON AND COMPANY