1

2  TED G. DANE (#143195)
   ted.dane@mto.com
   Munger, Tolles & Olson LLP
3  355 South Grand Avenue
   Thirty-Fifth Floor
4  Los Angeles, CA  90071-1560
   Telephone:     (213) 683-9100
5  Facsimile:     (213) 687-3702
   Attorneys for Plaintiff
6  THERASENSE, INC.

7

8  MARK D. ROWLAND (#158862)
   mark.rowland@ropesgray.com
9  Ropes & Gray LLP
   525 University Avenue
10 Palo Alto, California 94301
   Telephone: (650) 617-4000
11 Facsimile: (650) 617-4090

12 BRADFORD J. BADKE
   Jim.badke@ropesgray.com
13 ROPES & GRAY LLP
   1251 Avenue of the Americas
14 New York, New York 10020-1104
   Telephone: (212) 596-9000
15 Facsimile: (212) 841-5725

16

   Attorneys for Defendants
17 BECTON, DICKINSON AND CO. AND
   NOVA BIOMEDICAL CORPORATION
18
                    UNITED STATES DISTRICT COURT
19
                 NORTHERN DISTRICT OF CALIFORNIA
20

21

22 THERASENSE, INC.,
                                        CASE NO.  C04-2123 MJJ
23            Plaintiff,

24      vs.

25 BECTON, DICKINSON AND CO.,

26            Defendant.

27 ─────────────────────────────
   BECTON, DICKINSON AND CO.,            CASE NO.  C04-3327 MJJ
28

   1077056.1
                                        JOINT CASE MANAGEMENT STATEMENT
                                        AND ~~PROPOSED~~ ORDER C04-2123 MJJ

**FILED**

JUL 1 4 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Case 3:04-cv-02123-MJJ     Document 38     Filed 02/24/2005     Page 2 of 8

| | |
|---|---|
| Plaintiff, | |
| vs. | |
| THERASENSE, INC., | |
| Defendant. | |
| THERASENSE, INC., | CASE NO.  C04-3732 MJJ |
| Plaintiff, | |
| vs. | REVISED JOINT CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER |
| NOVA BIOMEDICAL CORPORATION, | Case Management Conference: Date: February 15, 2005 |
| Defendant. | Time: 2:00 pm Court Room 11, 19th Floor |

## JOINT CASE MANAGEMENT STATEMENT

## AND PROPOSED ORDER

Pursuant to the Court's direction at the February 15, 2005 Initial Case Management Conference in this action, the parties jointly submit this revised Case Management Statement and Proposed Order.

### Description of the Cases

All three cases involve U.S. Patent Nos. 6,143,164 and 6,592,745 (the "TheraSense patents"). The products at issue are blood-glucose test strips used for diabetes care, marketed by Becton Dickinson under a license from Nova. TheraSense Inc. ("TheraSense") alleges that both Becton, Dickinson and Company ("Becton Dickinson") and Nova Biomedical Corp. ("Nova") willfully infringe the TheraSense patents, entitling TheraSense to damages and injunctive relief. Becton Dickinson and Nova allege that they do not infringe the TheraSense patents and that the TheraSense patents are invalid, entitling Becton Dickinson and Nova to declaratory judgments of non-infringement and patent invalidity.

**Proposed Consolidation of Cases**

The parties jointly request that the three cases -- which raise common issues and are now on the same timeline -- be consolidated. The remainder of this Joint Case Management Statement is based on the assumption that the cases will be consolidated.

**Addition of Parties**

TheraSense is permitted to add Abbott as a party to this action, and to add claims of patent infringement based upon two patents held by Abbott, United States Patent Nos. 5,628,890, and 5,820,551. The Court is not making any determination at the present time as to whether to try the cases separately or together.

**Alternative Dispute Resolution**

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the parties jointly ask that this case be referred to a Settlement Conference presided over by a Magistrate Judge or a District Judge pursuant to A.D.R. L.R. 7.

**Disclosures**

The parties certify that they have made the disclosures required by Federal Rule of Civil Procedure 26(a)(1).

**Proposed Case Schedule**

(asterisks indicate dates under Northern District Patent Local Rules)

| Date | Event |
|------|-------|
| February 15, 2005 | Case Management Conference |
| June 1, 2005 | Deadline for TheraSense to serve "Disclosure of Asserted Claims and Preliminary Infringement Contentions" and accompanying documents as required by Patent Local Rules 3-1 and 3-2 |
| * July 15, 2005* | Deadline for BD and Nova to serve "Preliminary Invalidity Contentions" and accompanying documents as required by |

| | |
|---|---|
| | Patent Local Rules 3-3 and 3-4 |
| * July 29, 2005* | Deadline for parties to exchange "Proposed Terms and Claim Elements for Construction" as required by Patent Local Rule 4-1; parties shall thereafter meet and confer to narrow or resolve any differences in the lists and facilitate the preparation of "Joint Claim Construction and Prehearing Statement" |
| * August 19, 2005* | Deadline for parties to exchange "Preliminary Claim Constructions and Extrinsic Evidence" as required by Patent Local Rule 4-2; parties shall thereafter meet and confer to narrow the issues and finalize preparation of the "Joint Claim Construction and Prehearing Statement" |
| September 7, 2005 | Deadline for parties report on number of claims terms that they intend to ask the Court to construe. |
| * September 14, 2005* | Deadline for parties to file the "Joint Claim Construction and Prehearing Statement" as required by Patent Local Rule 4-3 |
| * October 14, 2005* | Deadline for completion of discovery related to claim construction as required by Patent Local Rule 4-4 |
| * October 29, 2005* | Deadline for parties to exchange opening briefs on claim construction |
| * November 19, 2005* | Deadline for parties to exchange opposition briefs on claim construction |
| December 7, 2005, or as soon thereafter as is convenient for the Court | Claim construction prehearing conference and technology tutorial |
| December 14, 2005, or as soon thereafter as is convenient for the Court | Claim construction hearing |
| * 30 days after Court's ruling on claim construction * | a. Deadline for TheraSense to serve "Final Infringement Contentions" as required by Patent Local Rule 3-6<br><br>b. Deadline for motions to amend the pleadings or to join other parties. |

Case 3:04-cv-02123-MJJ     Document 38     Filed 02/24/2005     Page 5 of 8

| | |
|---|---|
| * 50 days after Court's ruling on claim construction * | a. Deadline for BD and Nova to serve "Final Invalidity Contentions" as required by Patent Local Rule 3-6 |
| | b. Deadline for BD and Nova to produce opinions of counsel -- if such opinions are to be relied upon to rebut TheraSense's claims of willfulness -- as required by Patent Local Rule 3-8 |
| | c. Close of fact discovery |
| 75 days after Court's ruling on claim construction | Deadline to serve initial expert reports on issues as to which a party has the burden of proof |
| 30 days after service of initial expert reports | Deadline to serve rebuttal expert reports |
| 30-day period after service of rebuttal expert reports | Period for conducting expert depositions; at the end of this period, expert discovery is closed |
| 30 days after close of expert discovery | Deadline for filing dispositive motions and supporting briefs |
| 21 days after filing of dispositive motions | Deadline for filing opposition briefs re dispositive motions |
| 14 days after filing of opposition briefs | Deadline for filing reply briefs re dispositive motions |
| 14 days prior to trial | Deadline for filing final pretrial statement |
| At a time convenient for the Court | Trial |

**Trial Schedule**

At this point the parties believe that the trial will last three (3) weeks, however, this time limit may need to be adjusted should events require.

**Proposed Discovery Limitations**

1.      Interrogatories:

Each party may serve 25 interrogatories, including subparts.

2.      Depositions:

FACT WITNESSES:

Each side will be limited to 25 fact depositions, including depositions taken

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER C04-2123 MJJ

Case 3:04-cv-02123-MJJ    Document 38    Filed 02/24/2005    Page 6 of 8

1    pursuant to Federal Rule of Civil Procedure 30(b)(6) (but not including depositions of expert

2    witnesses). This number may be increased by agreement of the parties or by order of the Court

3    for good cause shown. Depositions will be limited to 7 hours of testimony per witness, absent

4    agreement of the parties or order of the Court for good cause shown. ]

5             EXPERT WITNESSES:

6             Expert depositions will be limited to two 7 hour depositions of an expert for each

7    report submitted by that expert.

8

9         3.    Requests for Admission:

10            Each party will be limited to 50 requests for admission (including all discrete

11   subparts). Notwithstanding the forgoing, there is no limitation on the number of requests for

12   admission that a document is: (i) authentic, (ii) a business record, or (iii) otherwise meets a

13   condition for admissibility in evidence.

14

15        4.    Use of Percipient/Expert Testimony at the Claim Construction Hearing:

16            By September 14, 2005, the deadline for the parties to file the "Joint Claim

17   Construction and Prehearing Statement" as required by Patent Local Rule 4-3, the parties must

18   also notify each other whether they intend to submit percipient and/or expert testimony at the

19   claim construction hearing, and if so, provide a brief description of the substance of each such

20   witness's proposed testimony, so as to allow the other party to determine whether it wishes to

21   depose the witness(es) prior to the hearing. Any party receiving notification that the other party

22   intends to submit percipient and/or expert testimony at the claim construction hearing will have

23   10 business days following receipt of such notification to designate a witness or witnesses in

24   rebuttal to such testimony, and will also provide a brief description of the substance of each such

25   witness's proposed rebuttal testimony, so as to allow the other party to determine whether it

26   wishes to depose the witness(es) prior to the hearing.

27

28

1077056.1                                    - 6 -         JOINT CASE MANAGEMENT STATEMENT
                                                          AND ~~PROPOSED~~ ORDER C04-2123 MJJ

Case 3:04-cv-02123-MJJ     Document 38     Filed 02/24/2005     Page 7 of 8

1

2

3

4                                   CASE MANAGEMENT ORDER

5          The Case Management Statement and Proposed Order is hereby adopted by the Court as

6      the Case Management Order for the case and the parties are ordered to comply with this Order.

7

8

9

10

11     Dated: _____              By:_____
                                                   Honorable Martin J. Jenkins
12                                                 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.    Bifurcation of Discovery

BD and Nova have proposed that discovery relating to damages be bifurcated from discovery relating to liability. BD and Nova recognize that the enclosed proposed schedule does not contemplate such bifurcation and reserve all rights in that regard. Abbott opposes such bifurcation.

DATED: February 24, 2005                MUNGER, TOLLES & OLSON LLP
                                        TED G. DANE


By: _____
                    TED G. DANE

Attorneys for Plaintiff
THERASENSE, INC.

DATED:  February 24, 2005               ROPES & GRAY
                                        MARK D. ROWLAND
                                        BRADFORD J. BADKE


By: _____
      BRADFORD J. BADKE

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and NOVA BIOMEDICAL CORPORATION