UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERASENSE, INC., and ABBOTT LABORATORIES, <br><br>　　　　Plaintiff(s), <br><br>　　v. <br><br>BECTON, DICKINSON AND CO., <br><br>　　　　Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) | No. C04-2123 MJJ (BZ) <br><br>**ORDER GRANTING THE MOTION OF ABBOTT LABORATORIES TO PERMIT IN-HOUSE COUNSEL ACCESS TO CONFIDENTIAL DOCUMENTS ON THE SAME BASIS AS OUTSIDE COUNSEL** |
| THERASENSE, INC., and ABBOTT LABORATORIES <br><br>　　　　Plaintiff(s), <br><br>　　v. <br><br>NOVA BIOMEDICAL CORPORATION, <br><br>　　　　Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) | No. C04-3732 MJJ (BZ) |
| BECTON DICKINSON & CO., <br><br>　　　　Plaintiff(s), <br><br>　　v. <br><br>THERASENSE, INC., <br><br>　　　　Defendant(s). | ) ) ) ) ) ) ) ) ) | No. C04-3327 MJJ (BZ) |

　　　Now before me is the motion of Abbot Laboratories to permit in-house counsel access to confidential documents on

1

the same basis as outside counsel.  Although the parties have agreed on the general terms of a protective order, they disagree about whether in-house counsel should be granted access to information designated confidential or highly confidential.  Abbott Laboratories contends that two of its in-house attorneys, Karen L. Hale and Jose E. Rivera, should have access to confidential and highly information on the same basis as outside counsel.  Defendants Nova Biomedical Corporation and Becton, Dickinson and Company argue that Hale and Rivera should be denied such access because they "participate in and influence competitive decisions."

    Having reviewed the parties' papers and the supporting declarations, the Court is satisfied that neither Karen L. Hale nor Jose E. Rivera are involved in competitive decisionmaking for Abbott Laboratories.  See <u>Brown Bag Software v. Symantec Corp.</u>, 960 F.2d 1465, 1470 (9th Cir. 1992); <u>U.S. Steel Corp. v. United States</u>, 730 F.2d 1465, 1468 (Fed. Cir. 1984); <u>Amgen, Inc. v. Elanex Pharmaceuticals</u>, 160 F.R.D. 134, 139 (W.D. Wash. 1994); <u>Carpenter Tech. Corp. v. Armco, Inc.</u>, 132 F.R.D. 24 (E.D. Pa. 1990).  Both Hale and Rivera have filed declarations in which they state that they are not involved in competitive decisionmaking for Abbott Laboratories; that they have no involvement in product pricing, sales, marketing, production, research, or development; that they do not prosecute patents; and that they agree not to assume any role in product design or prosecution of patents related to blood glucose testing during the course of the litigation and for three years after the conclusion of

2

this case. See Supplemental Declaration of Karen L. Hale ("Hale Supp. Decl.") ¶¶ 1-2, 4; Supplemental Declaration of Jose E. Rivera ("Rivera Supp. Decl.") ¶¶ 1-2, 4.  Hale and Rivera have been granted access to confidential information pursuant to protective orders in the past, and have complied with the terms of such orders.  See Hale Supp. Decl. ¶ 16; Rivera Supp. Decl. ¶ 9.  They also agree to abide by the terms of the protective order in this case, and to store any confidential information in a secure facility in the litigation department or on a password protected server.  Hale Supp. Decl. ¶¶ 17-18; Rivera Supp. Decl. ¶¶ 10-11.  By contrast, defendants have presented no evidence to demonstrate that a significant risk of inadvertent disclosure will exist if Hale and Rivera are permitted access to confidential information.  I therefore find that allowing Hale and Rivera access to confidential information will not result in an unacceptable risk of inadvertent disclosure.  See Matsushita Elec. Indus. Co., Ltd. v. United States, 929 F.2d 1577, 1580 (Fed. Cir. 1991) (citing U.S. Steel, 730 F.2d at 1468).

    Hale and Rivera advise Abbott Laboratories regarding litigation decisions in this case, and Hale in particular spends a significant portion of her time on work on this lawsuit.  See  Decl. of Karen L. Hale Regarding Protective Order ("Hale Decl.") ¶ 3; Hale Supp. Decl. ¶ 10-11; Decl. of Jose E. Rivera Regarding Protective Order ("Rivera Decl.") ¶ 5; Rivera Supp. Decl. ¶ 7-8.  There also appears to be no dispute that in-house counsel at Abbott Laboratories ordinarily involve themselves in litigation, including

3

1  regularly attending depositions and hearings, and drafting or
2  reviewing substantive pleadings and discovery responses.  See
3  id.  Indeed, counsel have attested that they intend to file
4  pro hac vice applications in this case and attend hearings,
5  depositions, and the trial, as well as review all pleadings,
6  expert reports, and other correspondence.  See Hale Supp.
7  Decl. ¶ 12; Rivera Supp. Decl. ¶ 8.  Abbott Laboratories would
8  therefore suffer prejudice if Hale and Rivera are denied
9  access to confidential documents.  This is especially true
10 given that defendants represented to the Court at a telephonic
11 discovery conference on this matter that all or most of
12 documents that they had produced had been marked confidential
13 or highly confidential.  The Court is satisfied that limiting
14 access to confidential information to Hale and Rivera strikes
15 the proper balance between protecting against the risk of
16 inadvertent disclosure and allowing the parties to effectively
17 litigate their case.  See Brown Bag Software v. Symantec
18 Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).

19     **IT IS THEREFORE ORDERED** that Abbot Laboratories' motion
20 is **GRANTED**, and Karen L. Hale and Jose E. Rivera shall have
21 access to information designated confidential or highly
22 confidential on condition that they sign the protective order
23 in this case and abide by the restrictions on their work they
24 have agreed to assume in their declarations.

25 Dated: August 11, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

28 G:\BZALL\-REFS\THERASENSE\CONFIDENTIAL2.ORD.wpd

4