1  ROHIT SINGLA (#213057)
   JASON RANTANEN (#229404)
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
3  27th Floor
   San Francisco, CA 94105
4  Telephone:   (415) 512-4000
5  Facsimile:   (415) 512-4077
   Email: rohit.singla@mto.com
6  Email: jason.rantanen@mto.com

7  DAVID G. WILLE (*pro hac vice*)
   BAKER BOTTS, LLP
8  2001 Ross Avenue
   Dallas, Texas 75201
9  Telephone: (214) 953-6595
   Facsimile: (214) 661-4595
10 Email: david.wille@bakerbotts.com

   JAMES W. CANNON, JR. (*pro hac vice*)
   WILLIAM P. JOHNSON (*pro hac vice*)
   BAKER BOTTS, LLP
   98 San Jacinto Boulevard
   Suite 1500
   Austin, Texas 78701
   Telephone: (512) 322-2653
   Facsimile: (512) 322-8353
   Email: jim.cannon@bakerbotts.com
   Email: william.johnson@bakerbotts.com

   MARIA WYCKOFF BOYCE (*pro hac vice*)
   BAKER BOTTS, LLP
   910 Louisiana
   Houston, Texas 77002
   Telephone: (713) 229-1922
   Facsimile: (713) 229-2722
   Email: maria.boyce@bakerbotts.com

11
12 Attorneys for Plaintiffs
   THERASENSE, INC.
   and ABBOTT LABORATORIES
13

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16  THERASENSE, INC., and ABBOTT LABORATORIES,<br>17<br>18           Plaintiffs,<br>19     vs.<br>20  BECTON, DICKINSON AND CO.,<br>21           Defendant.<br>22<br>23  AND RELATED CASES | CASE NO. C04-2123 MJJ/BZ<br>CASE NO. C04-3327 MJJ/BZ<br>CASE NO. C04-3732 MJJ/BZ<br><br>**PROTECTIVE ORDER** |

24
25
26
27
28

Pursuant to Fed. R. Civ. P. 26(c), by agreement of TheraSense, Inc. ("TheraSense"), Abbott Laboratories, Inc. ("Abbott") (collectively, "Plaintiffs"), Becton, Dickinson and Company ("BD"), and Nova Biomedical Corporation ("Nova") (hereinafter individually referred to as a "party" or collectively as "the parties"), the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

### A. Definition of "Confidential Information"

1. The term "Confidential Information" and "Highly Confidential Information" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential Information" or "Highly Confidential" as set forth in the next paragraph.

"Confidential Information" shall mean material that a party claims in good faith contains or discloses information relating to, referencing or pertaining to trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7), including but not limited to any party's technical information relating to blood glucose test strips and monitoring devices, and methods of producing the same. "Highly Confidential Information" shall mean "Confidential Information" that is of such sensitivity that a party reasonably believes that its disclosure to the adversary could harm its business, such as customer, licensee, supplier and vendor information, financial or marketing information (including past information indicative of current practices), business plans or competitive strategies, information relating to research, development, chemical compositions, testing and manufacturing, or software algorithms, or information relating to pending or abandoned patent applications which have not been made available to the public.

2. Except as specifically authorized by this Court, Confidential Information or Highly Confidential Information shall not be disclosed or revealed to anyone not authorized by this Order to receive such information and shall be used only for the purpose of preparing for or conducting this litigation. All persons to whom Confidential Information or Highly Confidential Information is disclosed shall be informed of and shown a copy of this Protective Order and shall agree to be bound by its terms.

B. **Designation of Confidential Information**

3. If an exhibit, pleading, interrogatory answer or admission (collectively "discovery response"), document or thing (collectively "document or thing") or a deposition transcript, other transcript of testimony or declaration or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential" or "Highly Confidential" by the party contending there is confidential information therein. If an exhibit, pleading, discovery response, document or thing, testimony or other court submission contains information designated by the opposing party as "Confidential" or "Highly Confidential," the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be affixed thereto before production or service.

4. Information disclosed during a deposition or other testimony may be designated as "Confidential" or "Highly Confidential" by notifying the other party, in writing, within thirty (30) days after receipt of the testimony, of the specific portions of the testimony that should be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Highly Confidential" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 8 to review documents or information designated "Highly Confidential" on behalf of that non-designating party.

5. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Highly Confidential." If a copy of any such document is requested after inspection, the document shall only be deemed "Confidential" or "Highly Confidential" if labeled or marked in conformity with Paragraphs 1-4, with access and dissemination limited as set forth in Paragraphs 6-9.

**C.   Use of Confidential Information**

6. Except upon the prior written consent of the producing party, or upon further Order of this Court, Confidential Information or Highly Confidential Information shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order.

7. Access to information marked CONFIDENTIAL shall be limited to:

(a)   Outside counsel for the respective parties to this litigation and regular employees of said counsel, who are assisting in the prosecution or defense of this litigation.

(b)   The following TheraSense and Abbott in-house counsel: Karen L. Hale (Senior Litigation Counsel) and José Rivera (Divisional Vice President, Litigation), and clerical staff assisting said individuals in the prosecution or defense of this action. Abbott or TheraSense may, as necessary, request substitution or addition of and BD and Nova may request the addition of other lawyers without a role in competitive decision-making for blood glucose products, and consent will not unreasonably be withheld following the production of a declaration establishing that the lawyer is not involved in competitive decision making for blood glucose products.

(c)   Witnesses in any deposition or other proceeding of this action who (i) at the time of such proceeding, are current employees of the producing party, (ii) are the author or

recipient of the information marked Confidential, or (iii) based on evidence, are reasonably believed to have had access to the "Confidential" information in the past.

(d) Outside experts and consultants (and their employees or clerical assistants) who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. At least seven business days before gaining access to any confidential information, each such consultant or expert shall provide the opposing party with (i) his or her current title and employer; (ii) his or her current resume; and (iii) an undertaking in the form attached here to as Exhibit A to abide by the terms of this protective order. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party.

(e) Court personnel in the conduct of their official duties and the trier of fact.

(f) Qualified persons taking testimony involving Confidential Information and necessary stenographic and clerical personnel thereof.

(g) Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel.

8. Access to information marked HIGHLY CONFIDENTIAL shall be limited to:

(a) Outside counsel for the respective parties to this litigation and regular employees of said counsel, who are assisting in the prosecution or defense of this litigation.

(b) Witnesses in any deposition or other proceeding in this action who are the author or recipient of information designated as "Highly Confidential," or who, based on evidence, have had access to the information in the past;

(c) Outside experts and consultants (and their employees or clerical assistants) who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the

phrase "outside experts and consultants" shall not include any officer, director or employee of any party. At least seven business days before gaining access to any confidential information, each such consultant or expert shall provide the opposing party with (i) his or her current title and employer; (ii) his or her current resume; and (iii) an undertaking in the form attached here to as Exhibit A to abide by the terms of this protective order.

(d) Court personnel in the conduct of their official duties and the trier of fact.

(e) Qualified persons taking testimony involving Confidential Information and necessary stenographic and clerical personnel thereof.

(f) Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel.

(g) The following Abbott or TheraSense in-house counsel: Karen L. Hale (Senior Counsel, Litigation) and Josè Rivera (Divisional Vice President, Litigation), and clerical staff assisting said individuals in the prosecution or defense of this action, provided that the identified counsel are not involved in, or have responsibility for, competitive decision-making or the development or marketing of any blood glucose product, and are not directly involved in the prosecution of any patents relating to blood glucose testing from the date this Protective Order is entered until thirty-six (36) months after judgment is entered in the above-captioned action. Plaintiffs may, as necessary, request to substitute or add and Defendants may request to add ~~other~~ inside counsel, provided that the lawyer provides a ~~sworn verification containing the substance of the verifications submitted by Ms. Hale and Mr. Rivera to the Court in support of their access to confidential information, and consent will not unreasonably~~ declaration establishing that the lawyer is not involved in competitive decision making for blood glucose products. withheld.

9. If, pursuant to this Order, a party identifies a person as an expert, consultant, or advisor, no other party shall contact the person nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by

1  Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

2      10.    Neither Confidential nor Highly Confidential Information shall be disclosed to any person expert, consultant, or advisor unless and until such person has agreed in writing to be bound by the terms of this Protective Order and a copy of such agreement has been transmitted to counsel for the other party at least seven business days before gaining access to confidential or highly confidential information. The requirement of obtaining such written agreement shall be satisfied by obtaining the signature of each such person on the Confidentiality Agreement attached hereto as Exhibit A.

**D.**    **Filing Under Seal**

11.    A party wishing to file any pleading or other document that contains Confidential Information or Highly Confidential Information of the opposing party must file such document under seal in accordance with the procedures set forth in Northern District of California Local Rule 79-5.

**E.**    **Inadvertent Production and, Redactions and Failures to Designate.**

12.    Notwithstanding anything contrary herein, if a party through inadvertence or mistake fails to designate or produces discovery of any Confidential Information without marking it with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, or designates it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party, within 10 days of discovery of the inadvertant designation or production, that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information or Highly Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such timely notice, and upon receipt of properly marked materials, the receiving party shall return or destroy said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses,

documents or things, or testimony as Confidential Information or Highly Confidential Information, as the case may be, and shall cooperate in restoring the confidentiality of such Confidential or Highly Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential or Highly Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential or Highly Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

13.  Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of information that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. The basis for any redaction based upon a claim of attorney-client privilege or work-product immunity shall be listed on a privilege log.

14.  If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced material subject to a claim of immunity or privilege, upon a request made within ten (10) calendar

days of that party's discovery of the inadvertent production or within ten (10) calendar days of notice from the other party of potential inadvertent production, such material shall be returned promptly and, if a document, all copies of those documents shall be destroyed. The party returning such material may move the Court for an Order compelling production of such material.

F.  **Miscellaneous Provisions**

15. In the event any of the parties (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose information that was designated as Confidential Information or Highly Confidential Information by the producing party in this action, the party subpoenaed or served as referred to in this paragraph shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the other parties to this litigation with sufficient time to afford the other parties to this litigation to intervene. The notice shall include a copy of any such subpoena, demand, or other process. Should the person seeking access to the Confidential Information or Highly Confidential Information take action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Protective Order. Nothing in this Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information or Highly Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

16. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information.

17.     Nothing in this Protective Order shall be construed as a finding that any designated Confidential Information or Highly Confidential Information actually constitutes or contains proprietary or confidential material or trade secrets. For purposes of this order, proprietary or confidential information or trade secrets shall not include information or material that:

(a)     was, is or becomes public knowledge in a manner other than by violation of this Order;

(b)     is acquired by the non-designating party from a third party having the right to disclose voluntarily such information or material;

(c)     was lawfully possessed by the non-designating party prior to the entry of this Order by the Court; or

(d)     was developed by the non-designating party independent of the information produced under the Protective Order.

18.     There shall be no obligation to challenge a Confidential Information or Highly Confidential Information designation when made and failure to do so shall not preclude a subsequent challenge. Any party who objects to the designation of any information as "Confidential" or "Highly Confidential" or objects to a restriction on the use of such Confidential Information or Highly Confidential Information may apply to this Court for a ruling that the information or material shall not be so designated. The burden shall be on the party-arguing that the information should not be treated as Confidential Information or Highly Confidential Information to establish, based upon a showing of good cause, that the information does not constitute or contain proprietary or confidential information or trade secrets. Unless and until such a showing is made to the satisfaction of the Court, the information shall continue to be treated as Confidential Information or Highly Confidential Information.

19. Nothing in this Protective Order shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this litigation. In the course of doing so, said attorney may generally refer to or rely upon his or her examination of Confidential Information or Highly Confidential Information, but shall not disclose the specific contents of Confidential Information or Highly Confidential Information to persons not authorized to receive such Confidential Information or Highly Confidential Information pursuant to this Protective Order except by written agreement with opposing counsel.

20. The terms of this Protective Order are applicable to Confidential Information produced by a non-party, and a party or a non-party may designate documents produced in connection with this litigation as Confidential Information. Such Information so designated will be protected by the remedies and relief provided by the Protective Order.

21. Upon the settlement or exhaustion of all appeals in this action ("Conclusion of this Litigation"), all persons to whom Confidential Information or Highly Confidential Information has been disclosed shall, without demand, either (a) destroy, or (b) return to the party that originally produced it, all Confidential Information or Highly Confidential Information (and all copies of such material) and all other documents containing information taken from the Confidential Information or Highly Confidential Information within sixty (60) days of the Conclusion of this Litigation, except that each party's litigation counsel may retain copies of pleadings, briefs, motions and the like actually filed in court that include Confidential Information or Highly Confidential Information, and each party's outside counsel may retain one complete copy of any outside counsel work files containing Confidential or Highly Confidential information. Upon written request, all recipients of Confidential Information or Highly Confidential Information shall certify in writing that they have complied with the provisions of this paragraph.

22. Upon the Conclusion of this Litigation:

(a) any Confidential Information or Highly Confidential Information produced hereunder that has been submitted for identification or into evidence at any hearing or trial in this litigation may be withdrawn by counsel for the person who offered such Confidential Information or Highly Confidential Information into evidence;

(b) the Clerk is authorized to deliver said Confidential Information or Highly Confidential Information to said counsel;

(c) any such Confidential Information or Highly Confidential Information not returned to counsel shall be destroyed.

23. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product. This Protective Order shall survive the Conclusion of this Litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

24. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed, as noted above in paragraph 15.

```
 1  IT IS SO STIPULATED.
 2  DATED: August __, 2005              MUNGER, TOLLES & OLSON LLP
 3
 4                                      By: _____
                                            Rohit K. Singla
 5
 6                                      BAKER BOTTS LLP
 7
                                        By: _____
 8                                          James W. Cannon, Jr.
 9
10                                      ABBOTT LABORATORIES
11
                                        By: _____
12                                          Karen L. Hale
13
14                                      By: _____
                                            José E. Rivera
15
                                        Attorneys for Plaintiffs TheraSense, Inc. and Abbott
16                                      Laboratories

17
    DATED: August ___, 2005             ROPES & GRAY LLP
18
19
                                        By: _____
20                                          Bradford J. Badke
21
                                        Attorneys for Defendants Becton, Dickinson and
22                                      Company and Nova Biomedical Corp.
23
    IT IS SO ORDERED.
24
25
    DATED: 6 Sept , 2005                _____
26                                      Honorable Bernard Zimmerman
27                                      UNITED STATES MAGISTRATE JUDGE
28
```

1113570.4                                          -12-   STIPULATED PROTECTIVE ORDER
                                                          CASE NOS. C04-2123...

EXHIBIT A

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that (s)he has read the Protective Order entered on _____, in the above-captioned action, and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms of each paragraph of the Protective Order. In particular, the undersigned understands that the terms of said Protective Order obligate him/her to use Confidential Information or Highly Confidential Information solely for the purposes of this litigation and to not disclose any such Confidential Information or Highly Confidential Information to any other person, firm or entity, except that there will be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and there will be no restriction on information disclosed in open Court, unless the Courtroom is sealed at the time of such disclosure. Further, for the purpose of enforcing this Confidentiality Agreement, the undersigned hereby subjects himself/herself to the jurisdiction of this Court.

_____                    _____
Date                                            Signature