UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERASENSE, INC., | ) | |
| Plaintiff(s), | ) | No. C04-2123 MJJ (BZ) |
| v. | ) | |
| BECTON, DICKSON AND CO., | ) | |
| Defendant(s). | ) | |
| THERASENSE, INC. | ) | |
| Plaintiff(s), | ) | No. C04-3732 MJJ (BZ) |
| v. | ) | |
| NOVA BIOMEDICAL CORPORATION, | ) | |
| Defendant(s). | ) | |
| BECTON DICKINSON & CO., | ) | |
| Plaintiff(s), | ) | No. C04-3327 MJJ (BZ) |
| v. | ) | **SEVENTH DISCOVERY ORDER** |
| THERASENSE, INC., | ) | |
| Defendant(s). | ) | |

On June 11, 2007, I held a telephonic discovery conference to discuss, in part, the discovery dispute raised in the June 8, 2007 letter from Becton, Dickinson & Co. and

1

1  Nova Biomedical Corp.  See Attached.  All interested parties
2  were present, represented by counsel.  During the conference,
3  the parties waived further briefing on the issue.  For the
4  reasons discussed during the conference, **IT IS ORDERED** that
5  the deposition of Dr. Heller may proceed.  The parties will
6  confer and agree on the appropriate time and location for the
7  deposition.
8  Dated: June 12, 2007

   _____
   Bernard Zimmerman
   United States Magistrate Judge

G:\BZALL\-REFS\THERASENSE\DISCOVERY7.ORDER.wpd



# ROPES & GRAY

## FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS    NEW YORK, NY 10036-8704    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON DC    www.ropesgray.com

June 8, 2007

Bradford J. Badke
(212) 596-9031
jim.badke@ropesgray.com

**VIA ELECTRONIC FILING**

Honorable Bernard Zimmerman
U.S. District Court
Northern District of California
450 Golden Gate
San Francisco, CA 94102

    Re:   *TheraSense, et al. v. Becton Dickinson and Co.*, Case No. C04-2123 MJJ
           *TheraSense, et al. v. Nova Biomedical Corp.*, Case No. C04-03432 MJJ
           *Becton Dickinson and Co. v. TheraSense, et al.*, Case No. C04-3327 MJJ

Dear Judge Zimmerman:

        We represent Defendants Becton, Dickinson & Company and Nova Biomedical Corporation ("BD/Nova") in the above captioned lawsuits. We write this letter pursuant to this Court's Fifth Discovery Order dated January 17, 2006.

        A dispute has arisen concerning Defendants' request to take the deposition of the primary inventor of two of the patents in suit in this case, Dr. Adam Heller. This is not the first time the issue of the Heller deposition has been before Your Honor, however. Your Honor has already advised the parties that BD/Nova may depose Dr. Heller at a date of their own choosing during a January 17, 2006 phone conference on this issue. Despite this instruction from the Court and subsequent agreement by Plaintiff to provide the witness based on that instruction, Plaintiff now denies BD/Nova's request to take Dr. Heller's deposition.

        Shortly before the January 17, 2006 conference with the Court, Defendant Roche Diagnostics had noticed Dr. Heller for a deposition in a different case, *Abbott Diabetes Care Inc. et al. v. Roche Diagnostics Corporation et al.*, 3:05-CV-03117-MJJ ("Roche suit"). Roche sought to depose Dr. Heller because one of the two Heller patents asserted against BD/Nova in this case has been asserted against Roche and Bayer in the Roche suit. Plaintiff's counsel, despite representing Dr. Heller, issued a second deposition notice for Dr. Heller for the same date in this case, but which provided less than five business days notice of the deposition. Given the short notice, the importance of the witness and the fact that Plaintiff had still not completed document production, BD/Nova promptly sought a protective order pursuant to Rule 26(c)(2).

3398278_1

ROPES & GRAY LLP

Honorable Bernard Zimmerman       - 2 -        June 8, 2007

For additional background, please see our January 9 and 13, 2006 letters to the Court (Docket Nos. 160 and 167).

During the January 17, 2006 conference call with the parties, the Court stated that it was not aware of any authority that would allow Plaintiff to force BD/Nova to depose Dr. Heller at a time of Plaintiff's choosing. Your Honor questioned whether such authority would even exist because it would allow a plaintiff to engage in mischief by noticing all of its most important witnesses at the beginning of a case before a defendant is prepared to take the depositions. The Court suggested that BD/Nova should attend the Heller deposition in the Roche suit to ask cross examination questions, but that BD/Nova were free to depose Dr. Heller in this case when they were ready to do so. Based upon that suggestion, BD/Nova joined the deposition in the Roche suit by telephone near its conclusion to ask a limited number of cross examination questions. Shortly thereafter, on January 29, 2006 in a telephone conference involving Plaintiff's attorneys Maria Boyce and William Johnson and the undersigned and my partner Sona De for Defendants, Plaintiff agreed that it would produce Dr. Heller for a deposition in this case at a later date acceptable to BD/Nova.

Since the time the Heller deposition was taken in the Roche suit in January 2006, Plaintiff has produced hundreds of documents relating to Dr. Heller. Now that document production is nearly complete and the Court has issued its claim construction orders, BD/Nova requested a deposition date for Dr. Heller consistent with this Court's instruction. Plaintiff, however, now refuses to produce the witness despite its agreement to do so following Your Honor's instruction at the January 17, 2006 conference. Nothing has changed since that time that would excuse Abbott from making Dr. Heller available for a deposition in this case. Accordingly, BD/Nova respectfully request that the Court order Plaintiff to make Dr. Heller available for a deposition in this case.

On May 25, 2007, pursuant to the Court's Fifth Discovery Order, the parties participated in a recorded telephone call, but were unsuccessful in resolving this dispute. We understand that Defendants Roche and Bayer in the Roche suit also have requested relief from the Court concerning Dr. Heller's deposition in a letter dated June 1, 2007, which is the subject of a telephone conference ordered by the Court for June 11, 2007. Defendants BD/Nova would be available to join that call if the Court desires to address all issues concerning Dr. Heller's deposition at that time.

Respectfully submitted,

Bradford J. Badke

BJB:jrr
cc: James W. Cannon, Jr., Esq. (via e-mail)

3398278_1