1

2

3

4

5

6

7

8

9                             UNITED STATES DISTRICT COURT

10                          NORTHERN DISTRICT OF CALIFORNIA

11

12   ABBOTT DIABETES CARE INC.    )
     And ABBOTT LABORATORIES,      )
13                                 )          No. C05-3117 MJJ (BZ)
                 Plaintiff(s),     )
14                                 )          Related Cases: 04-2123 MJJ
          v.                       )                         04-3327 MJJ
15                                 )                         04-3732 MJJ
     ROCHE DIAGNOSTICS CORP.,      )
16   ROCHE DIAGNOSTICS             )
     OPERATIONS, INC., and BAYER   )         **ORDER DENYING ROCHE'S MOTION**
17   HEALTHCARE LLC,               )         **TO COMPEL AND GRANTING**
                                   )         **ABBOTT'S MOTION TO QUASH**
18                 Defendant(s).   )
                                   )
19   _____)

20

21        Before me is a motion by defendants Roche Diagnostics

22   Corp. and Roche Diagnostics Operations, Inc. (collectively

23   "Roche") to compel discovery of a settlement agreement

24   between plaintiff Abbott Laboratories and non-party LifeScan,

25   Inc.  Also before me is a motion by Abbott Diabetes Care,

26   Inc. and Abbott Laboratories (collectively "Abbott") to quash

27   a subpoena duces tecum issued by defendant Bayer Healthcare

28   LLC to LifeScan or, in the alternative, to preclude the

                                    1

1   discovery via a protective order.[1]  For the reasons discussed,

2   Roche's motion is **DENIED**, and Abbott's motion is **GRANTED**.   To

3   the extent they are before me, LifeScan's objections are

4   sustained consistent with this Order.

5       1.   While Abbott waived its relevancy objection to

6   Roche's discovery request by not raising it in a timely

7   fashion, <u>Richmark Corp. v. Timber Falling Consultants</u>, 959

8   F.2d 1468, 1474 (9th Cir. 1992),[2] it is undisputed that it

9   properly preserved its confidentiality objection.  Moreover,

10   Abbott properly raised relevancy and confidentiality

11   arguments in its motion to quash, and LifeScan has objected

12   on the same grounds.

13       2.   LifeScan and Abbott held a legitimate expectation

14

---

15      [1]    Federal Rule of Civil Procedure 45(c) allows a party
to file a motion to quash a third-party subpoena so long as
16 the party demonstrates some right or interest in the documents
requested.  <u>See</u> <u>G.K. Las Vegas Ltd. Partnership v. Simon</u>
17 <u>Property Group, Inc.</u>, 2007 WL 119149, at *3 (D. Nev.); <u>In re</u>
<u>Ashworth, Inc. Securities Litigation</u>, 2002 WL 33009225, at *2
18 (S.D. Cal); <u>see also</u> <u>Moon v. SCP Pool Corp.</u>, 232 F.R.D. 633,
636 (C.D. Cal. 2005) ("A party cannot object to a subpoena
19 duces tecum served on a nonparty, but rather, must seek a
protective order or make a motion to quash.").  In addition,
20 Rule 26(c) provides for the issuance of a protective order
"[u]pon motion by a party or by the person from whom discovery
21 is sought, . . . and for good cause shown . . . ."

22      [2]    Abbott mistakenly argues that the following general
objection preserved its relevancy objection: "Abbott objects
23 to the Interrogatories to the extent that they would require
Abbott to provide information beyond the scope of discovery
24 obligations imposed by the Federal Rules of Civil Procedure or
the Local Rules, including the Patent Local Rules, of this
25 Court."  <u>See</u> <u>McLeod, Alexander, Powel & Apffel, P.C. v.</u>
<u>Quarles</u>, 894 F.2d 1482, 1485 (5th Cir. 1990) (boilerplate
26 objections that requests were overly broad, burdensome,
oppressive, and irrelevant were insufficient to meet party's
27 burden); <u>see also</u> <u>E.E.O.C. v. Safeway Store, Inc.</u>, 2002 WL
31947153 (N.D. Cal. 2002) (quoting <u>Walker v. Lakewood</u>
28 <u>Condominium Owners Association</u>, 186 F.R.D. 584, 587 (C.D. Cal.
1999)).

1   that their settlement agreement resolving litigation

2   pertaining to Abbott's U.S. Patent No. 5,820,551 (the "'551

3   patent") would remain confidential.  The agreement includes a

4   confidentiality provision.  Courts may utilize protective

5   orders to protect confidential settlement agreements.  <u>See</u>

6   <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307

7   F.3d 1206, 1212 (9th Cir. 2002).  And, in light of the Federal

8   Circuit's stated policy of encouraging settlement by

9   shielding settlement documents and negotiations from use as

10  evidence at trial, <u>see</u> <u>Advanced Cardiovascular Sys., Inc., v.</u>

11  <u>Medtronic, Inc.</u>, 265 F.3d 1294, 1308 (Fed. Cir. 2001), both

12  parties could reasonably presume the agreement would be kept

13  confidential.

14      3.   After reviewing the agreement <u>in camera</u>, I conclude

15  that the agreement is not relevant to the parties' claims and

16  defenses.  Contrary to defendants' speculation, the agreement

17  contains no discussion of royalty payments or a licensing

18  arrangement.  I find the discovery of the agreement, its

19  various drafts, and the related documents is not reasonably

20  calculated to lead to relevant, admissible evidence.  Fed. R.

21  Civ. P. 26(b)(1).  When I weigh the confidentiality

22  expectation of Abbott and LifeScan and the policy of

23  encouraging settlement against the questionable relevance of

24  ///

25  ///

26  ///

27  ///

28  ///

3

1   the documents, the scale tips decidedly against disclosure.

2   Dated: August 3, 2007

3   _____

4                              Bernard Zimmerman
                        United States Magistrate Judge

5

6

7

8

9

10

11   G:\BZALL\-REFS\ABBOTT DIABETES CARE\Discovery Order Compel Quash RM Version 2.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4