E-Fil

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERASENSE, INC., | ) | |
| Plaintiff(s), | ) | No. C04-2123 MJJ (BZ) |
| v. | ) | |
| BECTON, DICKSON AND CO., | ) | |
| Defendant(s). | ) | |
| THERASENSE, INC. | ) | |
| Plaintiff(s), | ) | No. C04-3732 MJJ (BZ) |
| v. | ) | |
| NOVA BIOMEDICAL CORPORATION, | ) | |
| Defendant(s). | ) | |
| BECTON DICKINSON & CO., | ) | |
| Plaintiff(s), | ) | No. C04-3327 MJJ (BZ) |
| v. | ) | **EIGHTH DISCOVERY ORDER** |
| THERASENSE, INC., | ) | |
| Defendant(s). | ) | |

On August 21, 2007, I held a telephonic conference to discuss the discovery disputes described in the attached letters lodged by counsel for Nova Biomedical Corporation and

1

1  Becton, Dickson and Co. on August 15, 2007 and by counsel for
2  Abbott Laboratories on August 17, 2007.  Both parties were
3  represented by counsel.  I find no need for additional
4  argument or briefing and, for the reasons stated on the
5  record, **IT IS ORDERED** that Abbott will provide a witness
6  pursuant to Fed. R. Civ. P. 30(b)(6) for a two hour deposition
7  limited to the issues raised by Abbott's supplemental
8  discovery responses.

Dated: August 21, 2007

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\THERASENSE\DISCOVERY8.ORDER.wpd

**BAKER BOTTS** L.L.P.

CHAMBERS

1500 SAN JACINTO CENTER
98 SAN JACINTO BLVD.
AUSTIN, TEXAS
78701-4078

TEL +1 512.322.2500
FAX +1 512.322.2501
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

August 17, 2007

003168.0317

James W. Cannon, Jr.
TEL +1 512.322.2653
FAX +1 512.322.8353
jim.cannon@bakerbotts.com

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Bernard Zimmerman
U.S. Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *TheraSense, Inc. and Abbott Laboratories v. Becton Dickinson and Co. and related cases;* Case Nos. C04-2123 MJJ/BZ; C04-3327 MJJ/BZ; C04-3732 MJJ/BZ, United States District Court, Northern District of California.

Dear Judge Zimmerman:

   Abbott submits this letter in accordance with the Court's March 29, 2007 Initial Discovery Order. Specifically, Abbott submits this response to Defendants BD and Nova's August 15, 2007 letter to the Court requesting permission to depose Abbott pursuant to Federal Rule of Civil Procedure 30(b)(6) for a *third day* on conception and reduction to practice topics.

   BD and Nova already deposed Abbott's corporate representatives for two full days on topics covering those set forth in their new 30(b)(6) deposition notice. Specifically, on June 20 and 21, 2007, BD and Nova deposed Abbott's two corporate representatives, including '890 inventor Steven Scott, regarding the conception and reduction to practice of the patents-in-suit. BD and Nova's June 30(b)(6) deposition notice requested witnesses on topics related to the conception and reduction to practice of the '890 Patent, including: (1) the dates and periods of the conception and reduction to practice; (2) the identity of all people who participated in the conception or reduction to practice; (3) the first disclosure of the alleged conception and reduction to practice; (4) the identity of all documents or records that corroborate the conception or reduction to practice; and (5) the first sale, public use, or public disclosure of the sensor claimed by the '890 Patent.

   On August 1, 2007, BD and Nova requested another 30(b)(6) deposition on topics that are covered by their June 30(b)(6) topics. Specifically, BD and Nova's August 30(b)(6) deposition notice requests testimony related to disclosures of the invention claimed in the '890 Patent. Additionally, topic 1 of the August 30(b)(6) deposition notice requests:

   All facts and circumstances related to Abbott's contention in "Abbott Laboratories' Sixth Supplemental Objections And Responses to Defendant Nova

AUS01:476024.2

**BAKER BOTTS** LLP

The Honorable Bernard Zimmerman     2     August 17, 2007

Biomedical Corporation's First Set of Interrogatories,"[1] that the "invention claimed in the '890 Patent was conceived and reduced to practice prior to the prior art date of the '697 Patent, April 20, 1995," including, but not limited to, any clinical trials on which Abbott relies in support of this contention, any protocols for such clinical trials, the analyte sensors and meters used in such clinical trials, and any confidentially agreements regarding such clinical trials.

BD and Nova's June 30(b)(6) topic regarding the dates and periods of the conception and reduction to practice of the '890 Patent covers the proposed August 30(b)(6) topic relating to when the '890 Patent was conceived of and reduced to practice. Additionally, BD and Nova's June 30(b)(6) topics concerning public disclosure and documents corroborating the conception and reduction to practice of the '890 Patent cover the proposed August 30(b)(6) topic on clinical trials and the documents and records related to those clinical trials.

BD and Nova could have (and should have) addressed these new proposed topics during the June 20 and 21, 2007 30(b)(6) depositions of Abbott. While their letter to the Court references Abbott's recent supplemental response to Interrogatory Number 10, Abbott had not served its supplemental response when BD and Nova requested this additional 30(b)(6) deposition or when counsel conducted a recorded discovery conference on this issue. Instead, topic 1 of BD and Nova's August 30(b)(6) deposition notice references only Abbott's amended response to Nova's Interrogatory No. 18. Abbott served this response on BD and Nova nearly five months before the June 30(b)(6) depositions of Abbott. Moreover, Abbott produced documents relating to conception and reduction to practice of the '890 Patent well before the June 30(b)(6) depositions of Abbott. In fact, Abbott's Final Infringement Contentions, which were served on May 29, 2007 (over three weeks before the June 30(b)(6) depositions), specifically identify by bates number documents that evidence the "conception, reduction to practice, design and development" of the invention claimed in the '890 Patent. BD and Nova should have covered these topics and any of these documents at the June 30(b)(6) depositions of Abbott. BD and Nova should not be permitted yet another bite at the same apple.

BD and Nova are scheduled to depose '890 inventor Steve Scott in his individual capacity on August 28, 2007. In addition, BD and Nova have requested the individual depositions of several other '890 Patent inventors. During any or all of these depositions, BD and Nova will have the opportunity to ask any questions related to the '890 Patent that they failed to cover during the June 2007 30(b)(6) depositions of Abbott.

Accordingly, Abbott requests that the Court deny BD and Nova's request to depose Abbott for a *third* day on conception and reduction to practice topics that BD and Nova should have (and could have) addressed during the June 30(b)(6) depositions of Abbott. Thank you for your assistance with regard to this matter.

---

[1] Abbott Laboratories' Sixth Supplemental Objections and Responses to Defendant Nova Biomedical Corporation's First Set of Interrogatories consisted only of Abbott's 11-page supplemental response to Interrogatory Number 18.

AUS01:476024.2

**BAKER BOTTS** LLP

The Honorable Bernard Zimmerman     3     August 17, 2007

Respectfully Submitted,

*/s/ James W. Cannon*

James W. Cannon, Jr.
Counsel for Plaintiffs

cc:     Counsel for BD and Nova

AUS01:476024.2



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS   NEW YORK, NY 10036-8704    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

August 15, 2007

Jim Badke
212-596-9031
Jim.Badke@ropesgray.com

**CHAMBERS COPY
Do Not File**

Honorable Bernard Zimmerman
U.S. District Court
Northern District of California
450 Golden Gate
San Francisco, CA 94102

Re: *TheraSense, et al. v. Becton Dickinson and Co.*, Case No. C04-2123 MJJ
*TheraSense, et al. v. Nova Biomedical Corp.*, Case No. C04-03732 MJJ
*Becton Dickinson and Co. v. TheraSense, et al.*, Case No. C04-3327 MJJ

Dear Judge Zimmerman:

We represent Defendants Becton, Dickinson & Company and Nova Biomedical Corporation ("Defendants") in the above captioned lawsuits. We write this letter in accordance with this Court's Fifth Discovery Order dated January 17, 2006 to request that Abbott provide a witness for a Fed. R. Civ. P. 30(b)(6) deposition on topics concerning conception and reduction to practice with respect to the alleged invention of the '890 patent-in-suit, including clinical studies that Abbott contends were conducted in connection with the subject matter of the '890 patent-in-suit, and upon which Abbott now appears to be relying as evidence of conception and reduction to practice. Defendants' request is based on Abbott's significant supplementation of interrogatory responses concerning this topic after Abbott provided a Rule 30(b)(6) witness on this topic on June 7, 2007.

On August 1, 2007, Defendants requested that Abbott provide again a Fed. R. Civ. P. 30(b)(6) witness to testify on this subject matter. Abbott refused to provide a witness on the basis that Defendants had previously taken a Fed. R. Civ. P. 30(b)(6) deposition regarding this subject matter in June 2007. On August 3, 2007, the parties participated in a recorded meet and confer on this issue, but could not resolve the dispute.

The evidence sought by Defendants is critical to Defendants' invalidity defense. To this end, Defendants sought discovery on this issue more than two years ago when Defendant Nova Biomedical served Interrogatory No. 10, which requests Abbott's evidence of conception and reduction to practice of the subject matter of the '890 patent as well as the other the patents-in-suit. Abbott provided no substantive response to that interrogatory. The only evidence of conception and reduction to practice related to the '890 patent that Abbott provided to Defendants by the time of the deposition was Abbott's response to Nova Interrogatory No. 18 and a blanket identification of documents (without more) in its final infringement contentions.

ROPES & GRAY LLP

Honorable Bernard Zimmerman             - 2 -                    August 15, 2007

In its interrogatory response, Abbott merely provided the conclusory statement that the '890 invention date is before the priority date of one of Defendants' prior art references, U.S. Patent No. 5,582,697. Abbott failed to provide any facts and circumstances surrounding the conception and reduction to practice such as information on any clinical trials, people involved, and dates and locations of inventive activity. Abbott also stated its "investigation as to further evidence of conception and reduction to practice is continuing."

It became clear at the June 7, 2007 Rule 30(b)(6) deposition that Abbott planned to rely on much more evidence to show conception and reduction to practice than they had disclosed. Defendants attempted to elicit this evidence after the deposition by requesting supplementation of Nova Interrogatory No. 10. Abbott did not provide a supplemental response for weeks. When Abbott finally served its response in the second week of August, it disclosed for the first time certain key facts including information on clinical trials related to its alleged conception and reduction to practice of the '890 invention. Abbott also relies on documents not previously identified as supporting its contentions in this regard. Moreover, Abbott's allegations concerning a date of conception of the '890 patent is unclear, with the recently-served response seeming to contain internal inconsistencies. Also, Abbott still has failed to identify persons knowledgeable about the conception and reduction to practice. Abbott's failure to disclose critical information prior to the June 7, 2007 deposition prevented Defendants from effectively preparing for the deposition, especially in light of the over two million pages of documents produced by Abbott in this case. Defendants thus should be afforded the opportunity to investigate this new evidence and the internal inconsistencies in Abbott's response. Such discovery is critical to Defendants' ability to prepare its defenses to the '890 patent.

Abbott has indicated that Steven Scott, the June 7, 2007 deposition witness, is knowledgeable about the requested topics and he is scheduled to be deposed again (this time in his personal capacity) in late August in this action. Thus, there is little or no burden on Abbott if they again designate Mr. Scott as its corporate designee.

Accordingly, in view of the foregoing, Defendants respectfully request that the Court order Abbott to provide a Rule 30(b)(6) witness on the requested topics relating to the conception and reduction to practice of the alleged invention of the '890 patent-in-suit.

                                        Respectfully submitted,

                                        Jim Badke /SM

                                        Jim Badke

BJB:sm
cc:    James W. Cannon, Jr., Esq. (via PDF)