UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT DIABETES CARE INC.<br>And ABBOTT LABORATORIES,<br>    Plaintiff(s),<br>  v.<br>ROCHE DIAGNOSTICS CORP.,<br>ROCHE DIAGONOSTICS<br>OPERATIONS, INC., and BAYER<br>HEALTHCARE LLC,<br>    Defendant(s). | No. C05-3117 MJJ (BZ)<br><br>Related Cases: 04-2123 MJJ<br>                04-3327 MJJ<br>                04-3732 MJJ<br><br>**ORDER COMPELLING FURTHER<br>INTERROGATORY ANSWER** |

Bayer has moved for an order compelling Abbott to provide a further response to Bayer's Interrogatory No. 13. Bayer has two complaints about Abbott's answer: Abbott qualifies its description of the location of the measurement zone by stating that its description is "at least" the measurement zone and Abbott fails to describe the methods it used in identifying the zone.[1]

---

[1] In its amended interrogatories, Abbott stated that its description was of the location of "at least a portion of the measurement zone." This amendment does not meet either of Bayer's concerns.

1

As discovery is closing, Abbott has introduced an element of ambiguity into its position by using the qualifier "at least." This seems inconsistent with one of the purposes of discovery – narrowing and clarifying the issues to be tried. Abbott provides no satisfactory explanation for its use of the term "at least." Essentially, its explanation is, that putting aside the term "at least," it has identified the location of the measurement zone in the accused and Abbott's products, and the negative implication that there may be some other measurement zone is irrelevant. The court cannot conclude as a matter of law that it is not relevant and that knowing more precisely where the measurement zone is might not lead to the discovery of admissible evidence both on infringement and on the existence of prior art. Plainly, Abbott has left itself an escape route from its interrogatory answer and it is difficult to predict precisely how it might use that route at trial. Bayer conjures up at least one such use on pages 5-6 of its motion which Abbott never satisfactorily refutes in its opposition.

Abbott nowhere specifically addresses its failure to explain the methods it used to identify the measurement zone other than to suggest that this issue was covered during the deposition of Dr. Bard. Even if the court were to find that Dr. Bard's testimony on this point was clear, which I am not prepared to do, Bayer is still entitled to have its interrogatory answered. Abbott's answer may not

///

///

2

necessarily be the same as Dr. Bard's testimony.[2]

For the foregoing reasons, **IT IS ORDERED** that Bayer's Motion is **GRANTED**. A hearing is not necessary.[3] By **November 2, 2007**, Abbott shall further answer Interrogatory No. 13.

Dated: October 26, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\ABBOTT DIABETES CARE\BAYER.ORDER COMPELLING FURTHER INTERROGS.wpd

---

[2] Dr. Bard's testimony appears largely theoretical. He admits that he never measured or analyzed the location of the measurement zone. See e.g. Dr. Bard's testimony at p. 250, ln. 14 and p. 263, ln. 4. Bayer is entitled to know whether Abbott's position is based on any analysis or measurement, or is just co-extensive with Dr. Bard's.

[3] The court compliments the parties on the quality of their briefs.

3