**BAKER BOTTS** L.L.P.

1500 SAN JACINTO CENTER
98 SAN JACINTO BLVD.
AUSTIN, TEXAS
78701-4078

TEL +1 512.322.2500
FAX +1 512.322.2501
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

December 4, 2007

James W. Cannon, Jr.
TEL +1 512.322.2653
FAX +1 512.322.8353
jim.cannon@bakerbotts.com

VIA ELECTRONIC FILING AND HAND DELIVERY

The Honorable Bernard Zimmerman
United States Magistrate Judge
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Abbott Diabetes Care Inc., et al. v. Roche Diagnostics Corp., et al*; Case No. 05-3117 MJJ United States District Court, Northern District of California.

Dear Magistrate Judge Zimmerman:

Abbott submits this letter in response to Bayer's letter to the Court dated November 30, 2007. Bayer purports to ask the Court to "clarify" its November 29, 2007 Order, but then asks that the Court to strike additional language from Abbott's amended response to Bayer's interrogatory no. 13. As set forth in Abbott's September 25 and November 20, 2007 letters to the Court, which are incorporated herein by reference, Bayer's request is inappropriate and overreaching. Specifically, it is inappropriate for Bayer to seek revision of Abbott's infringement theories, as set forth in its interrogatory response, by judicial order.

As Abbott previously stated in its letters to the Court, Abbott offered two alternative measurement zone theories in its amended interrogatory response. Specifically, Abbott offered its measurement zone theory based on its expert's application of the specification's definition of "measurement zone." Abbott also offered an alternative measurement zone theory, in the event the Court were to adopt a different application of the definition. Abbott is entitled to articulate alternative infringement theories. *See e.g.,* Fed. R. Civ. P. 8. Accordingly, Abbott respectfully disagrees with the Court's November 29, 2007 Order striking Abbott's alternative infringement theory from its interrogatory response.

Should Judge Jenkins adopt an application of the definition of "measurement zone" other than that asserted by Abbott, Abbott reserves the right to assert alternative infringement theories. Indeed, as the Court noted and as Bayer argued in its letters and during the hearing, Bayer's interrogatory sought only Abbott's contention (which, by definition, was offered pursuant to Abbott's asserted application of the measurement zone definition). While the Court may have stricken as "nonresponsive" Abbott's alternative measurement zone theory from its interrogatory response, Bayer is on notice of Abbott's alternative theory. Accordingly, should Judge Jenkins adopt an application of the "measurement zone" definition other than that asserted by Abbott, Bayer should be prohibited from arguing that Abbott is not entitled to assert an alternative infringement theory, including, but not limited to, the alternative theory that was stricken from its interrogatory response by the Court's November 29, 2007 Order.

AUS01:488020.1

**BAKER BOTTS** LLP

The Honorable Bernard Zimmerman  2  December 4, 2007

Finally, contrary to its assertions, Bayer neither "conferred with Abbott," nor attempted in good faith to reach any agreement with Abbott on the issues raised in Bayer's November 30, 2007 letter. Bayer's counsel emailed to Abbott its draft letter to the Court at 6:52 p.m. on Thursday, November 29, 2007, and asked for Abbott's agreement thereto. Abbott's counsel, Shannon Hutcheson, responded on Friday, November 30, 2007, stating that Abbott would review the letter and respond to Bayer. Before Abbott could confer with, or respond to, Bayer's counsel, he filed Bayer's letter with the Court on November 30.

Accordingly, for the reasons set forth above and in Abbott's September 25 and November 20, 2007 letters to the Court, Abbott respectfully requests that the Court deny the relief sought by Bayer in its November 30, 2007 letter. Further, Abbott respectfully requests that the Court clarify its November 29, 2007 Order to provide nothing contained therein shall prevent Abbott from asserting alternative infringement theories in the event that Judge Jenkins adopts an application of the "measurement zone" definition other than that asserted by Abbott.

Sincerely,

James W. Cannon, Jr.

JWC/shh

DENIED
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DATED: 12/6/2007

AUS01:488020.1