IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERASENSE, INC.,<br><br>         Plaintiff,<br><br>   v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>         Defendant.<br>                                                              /<br>AND CONSOLIDATED CASES.<br>                                                              / | No. C 04-02123 WHA<br><br>Consolidated with<br><br>No. C 04-03327 WHA<br>No. C 04-03732 WHA<br>No. C 05-03117 WHA<br><br>**FINAL PRETRIAL ORDER** |

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

   1.   All four actions will be tried as follows. All issues concerning the '551 patent shall be tried first — in three phases, all parties to participate. The first phase will cover all inequitable-conduct, prosecution-estoppel, and invalidity issues raised by all defendants as to the '551 patent. By agreement of all parties, this will be a bench trial. If needed, the second phase would cover all infringement and equitable-estoppel issues as to all accused products under the '551 patent (for all defendants). If needed, phase three would cover willfulness and damages for all defendants as to the '551 patent. A jury will decide the latter two phases. The trial of the '745 patent will follow next. Finally, the trial of the

'890 patent will go last. Possible phasing of the latter two trials will be considered in due course.

2. The first phase of the '551 case shall begin on **MAY 27, 2008**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The second and third phases shall immediately follow as needed. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are **APPROVED AND BINDING** on all parties.

5. For the first phase of the '551 trial, each side shall have **TWELVE HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). All defense counsel count as one side and have **TWELVE HOURS** among them. Opening statements and closing arguments shall not count against the limit. Time limits for the follow-on phases shall be set in due course.

6. At the final pretrial conference the Court further ruled:

   (a) **OVERRULED** plaintiffs' Rule 9(b) objection regarding inequitable conduct (material misrepresentation versus non-disclosure).

   (b) Put the burden on plaintiffs to show that Attorney Pope should be allowed to testify at trial. At his deposition,

Attorney Cannon for plaintiffs repeatedly told the defense that Attorney Pope would *not* be testifying at trial. Until such a showing and further ruling, Attorney Pope shall not testify at plaintiffs' behest.

    (c)    Peremptory strikes — six per side (*i.e.*, six for plaintiffs and six for all three defendants) as to later jury proceedings.

    (d)    Parties may provide an agreed-on trial notebook to jurors (maximum of ten documents).

    (e)    Defendant Roche may file a reply expert report to the supplemental report of plaintiffs' damage expert Dr. Ugone on the specific point of splitting Abbott Diabetes Care, Inc. ("ADC")'s profits from Abbott Diabetes Care Sales Corporation ("ADCSC"). Defendants may not file more motions relating to the Ugone report on this issue — it must be fought out in front of the jury.

    (f)    **DENIED** sealing courtroom or documents at trial.

7.    The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

Appended hereto is an example of a form of order that shall likely issue soon concerning preparation of proposed findings of fact and conclusions of law for the bench trial, all to be completed in a compressed time period. This will be discussed but is provided now for planning.

The Court reserves the right to rule orally from the bench without submission of proposed findings.

**IT IS SO ORDERED.**

Dated: May 22, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4