United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERASENSE, INC., | No. C 04-02123 WHA |
| Plaintiff, | Consolidated with |
| v. | No. C 04-03327 WHA |
| BECTON, DICKINSON AND COMPANY, | No. C 04-03732 WHA<br>No. C 05-03117 WHA |
| Defendant. / | |
| AND CONSOLIDATED CASES. / | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Abbott Laboratories filed this action alleging infringement of U.S. Patent No. 5,628,890 in March 2005. Over three years have since passed. Now, one week before the trial on the '890 is set to begin, BD/Nova moves to dismiss Abbott's infringement claim on the newly discovered allegation that Abbott is not the owner of the '890 patent and therefore has no standing to sue for infringement. Despite being in litigation for three years, BD/Nova contends that it only discovered the ground for its motion within the past month. For the reasons set forth below, BD/Nova's motion is **DENIED**.

The '890 patent was assigned to Medisense, Inc., in 1996. Abbott was Medisense's sole owner and shareholder. Medisense dissolved on December 31, 1998. BD/Nova's motion is entirely premised on the fact that there is no written document evidencing a transfer of ownership rights in the '890 patent from Medisense to Abbott. *But BD/Nova has previously stipulated that Abbott is the owner of the '890 patent.* Specifically, in the joint pretrial order

1  BD/Nova stipulated that "Abbott Laboratories owns the '890 Patent" (Parties' Joint Proposed
2  Pretrial Order at 16).  A joint pretrial order lays out those issues that are disputed for trial and
3  stipulations therein are binding at trial.  *See Malhiot v. S. Cal. Retial Clerks Union*, 735 F.2d
4  1133, 1137 (9th Cir. 1984).  In addition, while a party may not stipulate to federal subject-
5  matter jurisdiction, it can stipulate to facts from which jurisdiction can be inferred.  *See United*
6  *States v. Mathews*, 833 F.2d 161, 164 (9th Cir. 1987).

7  Ordinarily when a company dissolves, its assets are distributed to its shareholders or to
8  its owner.  Here, Abbott was the sole shareholder of Medisense at the time of its dissolution.  It
9  appears therefore that Abbott would have become the de facto owner of the '890 patent after
10 Medisense's dissolution.  BD/Nova contends otherwise.  The contention must be rejected.
11 Under BD/Nova's logic, nobody owns the '890 patent and it is instead simply floating in the
12 ether.  Fortunately, we do not have to get into metaphysics for BD/Nova has already stipulated
13 that Abbott *is* the owner of the '890 patent — a stipulation for which BD/Nova has shown no
14 cause to withdraw from.  The only argument BD/Nova makes is that its stipulation was written
15 in the present tense — *i.e.*, "Abbott Laboratories *owns* the '890 Patent" — and the relevant
16 inquiry for standing purposes is whether ownership was established at the time the complaint
17 was filed.  *See Gaia Tech., Inc. v. Reconversion Tech., Inc.*, 93 F.3d 774, 777 (Fed. Cir. 1996).
18 BD/Nova's pedantic argument is without merit.  BD/Nova has not explained how Abbott could
19 be the owner of the '890 patent today and not the owner of the patent in March 2005.  They
20 have also not given any significant justification for its failure to raise this issue earlier (even in
21 the joint pretrial order) rather than on the eve of trial.  Given the immediacy of the impending
22 trial, the prejudice to Abbott is clear.  Prejudice to the Court's calender is also manifest.  The
23 Court informed the parties two months ago that it would reserve the time to try this case now
24 and that it would otherwise have to wait until sometime in 2009.  For these reasons, BD/Nova's
25 motion must be **DENIED**.

26 **IT IS SO ORDERED.**
27 Dated: July 14, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2