IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERASENSE, INC., and ABBOTT LABORATORIES,<br><br>    Plaintiffs,<br><br>  v.<br><br>NOVA BIOMEDICAL CORPORATION AND BECTON, DICKINSON AND COMPANY,<br><br>    Defendants.<br>_____/<br><br>AND CONSOLIDATED CASES.<br>_____/ | No. C 04-02123 WHA<br><br>Consolidated with<br><br>No. C 04-03327 WHA<br>No. C 04-03732 WHA<br><br>**ORDER *IN LIMINE* EXCLUDING REFERENCE TO '229 PATENT** |

Ordinarily, it is no defense that an accused device has received its own patent, for an improvement over a patent in suit can still infringe. For example, if a patent claim covers a combination of elements A, B and C and the accused device has A, B, C *and D*, then there is infringement notwithstanding the improvement by adding D. On the other hand, if the accused device has A, B and C' (C prime) and the PTO, in granting a yet another patent to cover the accused device, has recognized that C' is *not* equivalent to C, as used in the patent in suit, then there can be no infringement under the doctrine of equivalents. This is because C is missing from the accused device both under the literal as well as the equivalence rule. In order for the defense to argue its own patent to the jury, therefore, the defense must pinpoint one or more passages in defendants' own patent or prosecution history that addressed an element of the

claim in suit and set up a substantial difference between it and the accused product or at least could be reasonably so construed. And, this defense can only be used when the patent plaintiff is relying on the doctrine of equivalents to establish an element and even then only as to that element. As to literal infringement of a limitation, there can be no resorting to this defense.

After allowing the defense an opportunity to make such a showing and after two hearings on the matter, the Court is convinced, in the present case, that the probative value of any such evidence is so weak that all reference to the '229 patent should be excluded to avoid the certain confusion that would arise from its placement before the jury. Contrary to defendants' argument, the reason the '229 patent was granted had to do with its chemistry, not the capillary action-end fill feature of the '229 patent. There is nothing special about the capillary action (which was known in the prior art) that caused the allowance. To the extent a counter-argument can be made, the argument is weak, convoluted, would require extended development, and would consume undue time. Worse, the jury confusion from the '229 patent would be palpable. Members of the jury would likely think that the accused product has its *own* patent and therefore must not infringe (even if defendants do not expressly so argue), a bogus line of reasoning. Under Rule 403, all reference to the '229 patent shall be excluded.

**IT IS SO ORDERED.**

Dated: July 21, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2