IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERASENSE, INC., | No. C 04-02123 WHA |
| Plaintiff, | Consolidated with |
| v. | No. C 04-03327 WHA |
| BECTON, DICKINSON AND COMPANY, | No. C 04-03732 WHA |
| | No. C 05-03117 WHA |
| Defendant. | |
| AND CONSOLIDATED CASES. | **ORDER DENYING BD AND NOVA'S MOTION FOR ATTORNEY'S FEES** |

The procedural and factual history of this action has been discussed thoroughly in prior orders and will not be repeated here. In brief, Abbott Laboratories filed the first of these actions on May 28, 2004, after BD and Nova filed a declaratory judgment action in Massachusetts for one of the patents in suit. Three subsequent actions were filed. All four concerned four patents owned by Abbott and Therasense, Inc.: U.S. Patent Nos. 5,628,890, 5,820,551, 6,143,164, and 6,592,745. In the lawsuits, Abbott alleged defendants' blood-glucose test strips infringed one or more of their patents.[1]

These actions were originally assigned to The Honorable Martin J. Jenkins. In the course of litigation, there were two rounds of claim construction briefings heard and seven summary judgment motions filed by three different defendants. One of those defendants

---

[1] Therasense is a wholly-owned subsidiary of Abbott Laboratories, and the exclusive owner of two of the other patents in suit.

eventually settled out of the case. Notably, in a claim construction order dated August 31, 2006, "non-flowing manner," a term appearing in all asserted claims of the '164 and '745 patents, was construed to mean "the sample is not moving in the sample chamber during the measurement" (Dkt. 209 at 15–16). A subsequent summary judgment order further elaborated (Dkt. 312 at 8):

> [T]his claim element does indeed mean something other than preventing the sample from leaving the measurement zone – it requires that "the sample is not moving in the sample chamber during the measurement."

BD and Nova then moved for summary judgment of non-infringement of the '164 and '745 patents as to the "non-flowing manner" limitation on the ground that the accused BD test strip had wells that caused convective flow during the measurement period. In opposition to the motion, Abbott argued that the Court "could not have meant that ['non-flowing manner'] requires that there be no motion within the sample whatsoever" (Dkt. 425 at 2). The Court granted BD and Nova's motion stating (Dkt. 534 at 21–22):[2]

> The undisputed record before this Court establishes that the blood sample within the working electrode well in the BD test strip has a convective flow during the measurement period. BD/Nova's experts present competent evidence, in the form of both expert testimony and videotaped footage of experiments, that the blood sample within the working electrode well in the BD test strip exhibits a rotational swirling effect during measurement. Abbott's expert, Dr. Bard, does not dispute the methodology used in these observations and experiments. To the contrary, Dr. Bard conceded that these experiments showed that there is a "small amount of swirling" during measurement. Dr. Bard concedes that this observed rotational swirling is not Brownian motion, and is not diffusion, but instead "appears to be a convective flow."
>
> Against this backdrop, having reviewed the evidence submitted by Abbott, the Court concludes that Abbott has failed meet its burden of introducing evidence that would permit a reasonable jury to conclude that the sample is not moving in the sample chamber during the measurement. The sole evidence on which Abbott relies is the testimony of its expert, Dr. Bard. However, Dr. Bard's testimony provides no evidence that could support a finding of infringement here. . . . This leaves Abbott with a complete failure of proof.

---

[2] Internal citations omitted.

2

1  Immediately after issuing his final summary judgment order, Judge Jenkins left the federal
2  bench, and all four cases came to the undersigned.
3      The cases were then teed up for trial. A bench trial for the '551 patent came first. After
4  a ten-day trial, the Court issued its finding of facts and conclusions of law determining that the
5  '551 patent was both invalid as obvious in light of the prior art and unenforceable because
6  Abbott had engaged in inequitable conduct during its prosecution. Attorney's fees and costs
7  were later granted with respect to the '551 patent. A jury trial for the '890 patent came next.
8  After an extended trial, the jury issued its verdict, finding the '890 patent infringed, but invalid.
9      BD and Nova now moves for attorney's fees and costs for all claims brought by Abbott
10 relating to the '164, '745, and '890 patents. After reviewing the pre-summary judgment record,
11 this order **DENIES** BD and Nova's motion in its entirety.
12     With respect to the '164 and '745 patents, this order finds that Abbott did have a good
13 faith argument in continuing to litigate its case even post Judge Jenkins' claim construction for
14 the term "non-flowing manner." Again, the term was construed to mean "the sample is not
15 moving in the sample chamber during the measurement." Arguably absent from this
16 construction was any indication that Judge Jenkins intended to exclude all types of motion —
17 even including convective flow. It was not until the summary judgment order granting BD and
18 Nova's motion of non-infringement was it apparent that even convective motion was to be
19 excluded from the scope of the claim. Until this point, Abbott's position was not "objectively
20 baseless." *Prof'l real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 56
21 (1993).[3]
22     Fees and costs are also unwarranted for the '890 patent. The trial record evidences that
23 Abbott had a good faith basis for asserting this patent regardless of the outcome of the jury

---

[3] BD and Nova additionally argue that fees and costs are appropriate for the '164 patent because Abbott sought a claim construction that would have necessarily rendered the claims invalid under 35. U.S.C. 112. This issue, however, was never brought up or addressed at the summary judgment stage. In addition, BD and Nova's argument is based on a hypothetical construction that was rejected by Judge Jenkins long before any summary judgment motion was brought. This order therefore rejects this ground as a basis for a finding of fees and costs.

verdict. No doubt, as with many large patent cases, litigation as a whole was hard fought, but this order sees no glaring justification that would support a finding of an "exceptional" case.

Accordingly, attorney's fees and costs as to the '164, '745, and '890 patents are **DENIED**.

**IT IS SO ORDERED.**

Dated: October 21, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE