United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERASENSE, INC., | No. C 04-02123 WHA |
| Plaintiff, | Consolidated with |
| v. | No. C 04-03327 WHA |
| BECTON, DICKINSON AND COMPANY, | No. C 04-03732 WHA<br>No. C 05-03117 WHA |
| Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART ATTORNEY'S FEES, AND VACATING HEARING** |
| AND CONSOLIDATED CASES. | |

**INTRODUCTION**

In this patent-infringement action, defendants Becton Dickinson and Company and Nova Biomedical Corporation seek reinstatement of the 2009 attorney's fee award and supplemental attorney's fees for costs incurred on appeal and on remand. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for May 31 is **VACATED**.

**STATEMENT**

The procedural history of this action has been discussed at length in a prior order (Dkt. No. 1147). After the first bench trial in 2008, a motion for attorney's fees relating to the '551 patent was granted because the patent was obtained through Abbott's inequitable conduct before the PTO and because Abbott decided to sue on the patent knowing how it had been procured

(Case 3:05-cv-03117, Dkt. No. 1159). A subsequent order set the amount of attorney's fees and imposed a condition that the fees were payable following the exhaustion of all appeals and if the inequitable conduct judgment was upheld on appeal:

> The Court awards attorney's fees payable by plaintiff Abbott Laboratories to defendants Becton Dickinson and Company and Nova Biomedical Corporation in the amount of $5,949,050.27 following the exhaustion of all appeals of the underlying judgment regarding the validity and unenforceability of the '551 patent, if the Court's inequitable conduct judgment is upheld on appeal.

(Dkt. No. 1093). The 2008 finding of inequitable conduct was ultimately not upheld on appeal after an en banc panel of the court of appeals created a new, stricter standard for inequitable conduct and remanded to redetermine inequitable conduct under the new standard. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).

On remand, this Court again found that Abbott had engaged in inequitable conduct (Dkt. No. 1147). Now, BD/Nova moves for supplemental attorney's fees of approximately two million dollars that were incurred during the appeal and remand, and for post-judgment interest on top of the 2009 award.

## ANALYSIS

### 1. THE 2009 AWARD OF ATTORNEY'S FEES WAS VACATED BY THE EN BANC DECISION.

An award of attorney's fees for an exceptional case is vacated when the underlying conduct, such as a determination of inequitable conduct, is vacated. *Taltech Ltd. v. Esquel Enterprises Ltd.*, 604 F.3d 1324, 1328 (Fed. Cir. 2010). Here, the 2009 award of six million dollars was vacated when the en banc panel vacated the finding of inequitable conduct on which the finding of an exceptional case was based.

Defendants argue that the 2009 award was not vacated because Abbott only appealed the underlying finding of inequitable conduct and did not appeal the exceptional fee award. This argument is unpersuasive. The 2009 order awarding attorney's fees made clear that the fee was payable only "if the Court's inequitable conduct judgment is upheld on appeal." Abbott's appeal of the inequitable conduct finding was also an appeal of the attorney's fees.

2

### 2. REINSTATEMENT OF ATTORNEY'S FEES OF $5,949,050.

District courts may award reasonable attorney fees to a prevailing party in exceptional cases, including those with a finding of inequitable conduct before the PTO. 35 U.S.C. 285; *Taltech*, 604 F.3d at 1328.

On remand, Abbott has again been found to have engaged in inequitable conduct, on an even stricter standard than the determination in 2008. None of the factual findings have changed and there has been no change in the trial record. The '551 patent was obtained through Abbott's inequitable conduct before the PTO and Abbott decided to sue on the patent knowing how it had been procured. Therefore, for the same reasons stated four years ago, Abbott's inequitable conduct warrants the imposition of attorney's fees (Case 3:05-cv-03117, Dkt. No. 1159). The award of $5,949,050 is reinstated with the same condition that it is payable if the Court's inequitable conduct judgment is upheld on appeal.

Abbott argues that BD/Nova waived reinstatement of the 2009 award because it did not properly make a motion to reinstate the prior award after the recent judgment on remand. This argument is rejected. BD/Nova did make a motion to reinstate the prior award within 14 days of the judgment on remand, as required by Rule 54(d). BD/Nova's motion for attorney fees expressly stated that it sought to reinstate the 2009 award: "[t]he only fair resolution is for Abbott to bear the cost of the appeals, remand, and interest *on top of this Court's March 19, 2009 fee award*" (Dkt. No. 1150 at 4) (emphasis added). Contrary to Abbott, BD/Nova's motion is an explicit request for reinstatement of the 2009 award of six million dollars. This order also rejects Abbott's argument that BD/Nova's motion was defective because it was not noticed for a hearing. This was a harmless error that did not prejudice Abbott. *See Hoffman v. Salesmen's Local Union No. 888*, 536 F.2d 1268, 1273 (9th Cir. 1976).

### 3. SUPPLEMENTAL ATTORNEY'S FEES FOR APPEAL AND REMAND PROCEEDINGS.

An award for attorney's fees of the costs of *appeal* is only warranted where the appeal is itself an exceptional case under Section 285. *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984).

3

Supplemental attorney's fees for the cost of litigation in the court of appeals is not warranted in this action. Abbott's appeal of the 2008 determination of inequitable conduct was not frivolous and there is no evidence the appeal was conducted in bad faith. Indeed, Abbott's appeal of the 2008 judgment was, in part, validated because the en banc panel vacated the finding of inequitable conduct.

BD/Nova argues that supplemental fees for the appeal should be awarded because the only reason Abbott appealed the 2008 determination of inequitable conduct was to avoid paying attorney's fees. This is argument is rejected. Abbott had a legitimate interest to appeal the six million dollars in attorney's fees. Indeed, the 2009 order awarding attorney's fees expressly contemplated the likelihood of appeal. There was no litigation misconduct nor any other reason to find that Abbott's appeal was an exceptional case warranting supplemental fees for the appeal and subsequent remand proceeding.

### 4. POST-JUDGMENT INTEREST.

> [I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment . . . . post-judgment interest may run only from the date of a judgment later determined to be supported by the evidence. It may not run from a legally insufficient judgment.

*Taltech Ltd. v. Esquel Enterprises Ltd.*, 604 F.3d 1324, 1334–35 (Fed. Cir. 2010) (citing 28 U.S.C. 1961).

The parties disagree over whether post-judgment interest should run from the 2009 order awarding fees or this order reinstating those fees. This question is controlled by *Taltech*, where the Federal Circuit, interpreting Ninth Circuit law, addressed a similar issue. In *Taltech* I, the district court had concluded that the patentee had engaged in inequitable conduct. Based on the inequitable conduct finding, and a finding of litigation misconduct, the district court declared the case exceptional under Section 285, and awarded attorney fees in 2007. The patentee successfully appealed; the court of appeals vacated both the inequitable conduct determination and the exceptional case finding. The court of appeals remanded with guidance to re-determine inequitable conduct. *Taltech*, 604 F.3d at 1327–28.

4

On remand, the district court again found inequitable conduct and reinstated its prior attorney's fee award *and added post-judgment interest from the date of the prior judgment*. *Id*. at 1328. Again, the patentee appealed. This time unsuccessfully. In *Taltech II*, the court of appeals affirmed the finding of inequitable conduct and exceptional case finding. However, the court of appeals reversed the district court for imposing post-judgment interest from the time of the previous 2007 judgment instead of the more recent 2009 judgment. The court of appeals reasoned that because the 2007 judgment was vacated by *Taltech I*, the post-judgment interest must begin again from the more recent, affirmed judgment. *Id.* at 1334–35.

So too here. As discussed, BD/Nova's 2009 award was vacated by the en banc Federal Circuit. Therefore, post-judgment interest will begin accruing from the date of this order, which reinstates attorney's fees of $5,949,050.

**CONCLUSION**

For the reasons stated above, BD/Nova's award of $5,949,050 for attorney's fees pursuant to 35 U.S.C. 285 is reinstated with the same condition that it is payable if the Court's inequitable conduct judgment is upheld on appeal. BD/Nova's motion for fees on top of this amount is denied, with the exception of the post-judgment interested discussed above. The hearing scheduled for May 31 is vacated.

**IT IS SO ORDERED.**

Dated: May 22, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5